UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR MELNICHUK,<br><br>Petitioner<br><br>v.<br><br>CHAD WOLF, Acting Director of USICE, et al.,<br><br>Respondents | CASE NO. 1:20-CV-0654 AWI JLT<br><br>ORDER STAYING MATTER AND ORDER FOR SERVICE ON CLASS COUNSEL IN THE *RIVAS* MATTER |

On May 8, 2020, Petitioner filed this 28 U.S.C. § 2241 habeas corpus petition, as well as a motion for a temporary restraining order. Petitioner is proceeding pro se. An Immigration Judge ordered Petitioner removed to Moldova on April 21, 2020. Petitioner appealed that decision to the Board of Immigration Appeals, but for now, he is detained as part of the deportation process in the Mesa Verde detention facility in Bakersfield, California.

In his petition, Petitioner states that he is being detained in the Mesa Verde facility in conditions that expose him to a heightened risk of contracting COVID 19. Petitioner states that the staff at Mesa Verde are not following appropriate practices to minimize the risk of transmitting COVID 19 and that he has a history of health problems (a bladder condition that weakens his immune system) that place him at above-average risk of illness and death from COVID 19. Through his petition and motion for temporary restraining order, Petitioner seeks his immediate release from the Mesa Verde facility due to the threat posed by COVID 19.

On May 11, 2020, the Court ordered Respondent to file a response to the motion for temporary restraining order by Noon on May 13, 2020.  That response has been timely received.  In the response, Respondent addresses in part the current conditions at the Mesa Verde facility and makes several arguments against granting relief.  The Court will not address each of the arguments because it finds the first to be persuasive.

Respondent argues that the Northern District of California has entered a provisional class certification order and temporary restraining order in *Rivas, et al v. Jennings, et al.*, Norther Dist. of Cal. Case No. 20-cv-2731 VC.  The class covers all ICE Detainees at the Mesa Verde facility, which means that Petitioner is part of the *Rivas* class.  Further, the temporary restraining order requires Respondent to provide the Northern District and class counsel with information and records regarding each detainee at the Mesa Verde facility, including records relating to any health vulnerabilities, so that the Northern District can consider bail applications from class members over an approximately 14 day period.  See Rivas v. Jennings, 2020 WL 2059848 (N.D. Cal. Apr. 29, 2020).  In other words, the *Rivas* order provides for individual release determinations for each person currently housed at Mesa Verde, like Petitioner.

Given the *Rivas* class order and temporary restraining order, there is no reason to believe that Petitioner's situation will not be individually and timely assessed to determine if release is necessary in light of the threat posed by COVID 19, the current conditions of Mesa Verde, and Petitioner's individual health profile.  Additionally, the information provided to the Court indicates that there are currently no known cases of COVID 19 at the Mesa Verde facility.  Under these circumstances, the Court does not find that it is necessary to issue any further orders relating to Petitioner's motion at this time.  Cf. Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013) (acknowledging that a court may dismiss an individual complaint because the "complainant is a member in a class action seeking the same relief."); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same

result."). Instead, the Court will stay this matter in light of the proceedings in *Rivas*, as requested by Respondent. See Calderon v. Barr, Eastern Dist. of Cal. Case No. 2:20-cv-891 KJM GGH at Doc. No. 9 (recommending staying the matter pending resolution of *Rivas*); Zambrano v. Wolf, Eastern District of Cal. Case No. 1:20-cv-595 DAD JLT Doc. No. 6 (granting stipulation to stay matter until 5 days after resolution of the petitioner's individual case as part of the *Rivas* individualized determination of release suitability). Once the Northern District has determined whether Petitioner will be released, the parties will be directed to inform the Court of the decision. The parties may then make any further filings as may be necessary, including a possible request to dismiss this petition.

Additionally, the Court notes that Petitioner filed this matter *pro se*, even though the *Rivas* class has class counsel. Because Petitioner is a class member, and in order to ensure that his situation is particularly brought to the attention of class counsel, the Court has accessed the Northern District's docket and will order that a copy of this order be sent to class counsel.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is STAYED pending further action relating to Petitioner by the Northern District of California in the *Rivas, et al v. Jennings, et al.*, Norther Dist. of Cal. Case No. 20-cv-2731 VC matter;

2. No later than five (5) business days of a final release determination concerning Petitioner in the *Rivas* matter, the parties shall inform the Court of the determination in *Rivas* and make any further filings or requests as may be appropriate; and

3. The Clerk shall electronically serve a copy of this order, as well as a copy of Petitioner's petition (Doc. No. 1) and Petitioner's motion for a temporary restraining order (Doc. No. 3) on the following attorneys, who are counsel of record for the petitioners in the *Rivas* matter:

   a. Martin S. Schenker of Cooley LLP at mschenker@cooley.com
   b. Amalia Wille of Lakin & Willie LLP at amalia@lakinwillie.com

    c.       Angelica Salceda of the ACLU of Northern Cal. at asalceda@aclunc.org

    d.       Bree An Bernwanger of Lawyers Committee for Civil Rights, San Francisco at bbernwanger@lccrsf.org

    e.       Francisco Ugarte of the San Francisco Public Defender's Office at Francisco.ugarte@sfgov.org

IT IS SO ORDERED.

Dated:  May 13, 2020

*[signature]*

SENIOR DISTRICT JUDGE

4