**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEKSANDR MELNICHUK,<br><br>           Petitioner,<br><br>      v.<br><br>CHAD WOLF, Acting Director of USICE, et al.,<br><br>           Respondents. | Case No.: 1:20-cv-00654-JLT (HC)<br><br>ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Docs. 3, 17) |

On May 8, 2020, Petitioner filed a 28 U.S.C. § 2241 habeas corpus petition, as well as a motion for a temporary restraining order. (Docs. 1, 3.) Petitioner states he is being held in the Mesa Verde Detention Center in Bakersfield, California. (Doc. 1 at 2, 8.) He alleges the conditions at the facility expose him to a heightened risk of contracting COVID-19, that the staff at the detention center are not following appropriate practices to minimize the risk of transmitting COVID-19, and that he has a history of health problems that place him at above-average risk of illness and death from COVID-19. (Id. at 9-12.)

In his motion for temporary restraining order, Petitioner identifies a bladder condition that has weakened his immune system and causes regular and numerous urinary tract infections, which require antibiotics to treat. (Doc. 3 at 8.) Petitioner also explains that he is being housed in a 100 person dorm, social distancing is not possible, staff do not regularly wear masks, there is inadequate cleaning/sterilization despite the communal nature of living conditions at the facility, and new

1

detainees are cycled in and out of the facility regularly. (Id. at 9.) Petitioner's motion attaches several orders in which courts in California and New York have ordered the release of detainees such as Petitioner due to heightened risks from COVID-19 faced at immigration detention facilities. (See Doc. 3.)

As ordered by the Court, Respondents filed a response to the motion for temporary restraining order. (Docs. 8, 9.) As requested by Respondents, the Court stayed this matter pending further action relating to Petitioner by the Northern District of California in the Angel De Jesus Zepeda Rivas, et al., v. Jennings, et al., No. 20-cv-2731 VC, 2020 WL 2059848 (N.D. Cal. Apr. 29, 2020) matter. (Doc. 11.)

On June 8, 2020, Respondents filed a "Status Update and Motion to Dismiss," discussing that the merits of Petitioner's request for relief (release from custody) have been considered and rejected in Zepeda Rivas and requesting that this Court dismiss the petition for writ of habeas corpus. (Doc. 17.) As detailed by Respondents, Petitioner sought release from immigration custody under a bail application that he submitted in the Northern District case. (Id. at 1.) Respondents reported that the United States opposed the granting of the application, citing Petitioner's lengthy criminal history, a lack of high risk health factors, and the fact that Petitioner's immigration detention is mandatory under the statute. (Id.) On June 5, 2020, the district court denied the bail request without prejudice. (Id. at 1-2.)

The Court directed Petitioner to file a response to the status update and motion to dismiss within fourteen days of the date of service of that order. (Doc. 19.) Petitioner was forewarned that his failure to comply with the order will result in dismissal of the action. (Id.) However, Petitioner has failed to file a response.

In the status update and motion to dismiss, Respondents argue that "[i]n the interests of judicial economy and avoiding inconsistent rulings, these overlapping actions may not proceed in tandem." (Id. at 2.) An individual class litigant generally may not proceed with an individual claim for injunctive relief separate and apart from the class that seeks to enforce orders issued within the class action, unless the claim is unique and specific to his needs and/or the circumstances of his incarceration. Pride v. Correa, 719 F.3d 1130, 1133-34 (9th Cir. 2013); Crawford v. Bell, 599 F.2d

890, 893 (9th Cir. 1979) (affirming dismissal of individual plaintiff's action where plaintiff was a member of a pending class action raising the same claims and seeking the same equitable relief); see also Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999) (finding that the prisoner/class member plaintiff would have to bring his claims for contempt of court through the class action's counsel); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action.").

Respondents contend that Petitioner received the relief he seeks here through the Zepeda Rivas case as part of the plaintiff class. (Id. at 2.) Respondents allege that the two lawsuits invoke the same cause of action and requested relief. (Id.) According to Respondents, the instant case alleges that conditions at Mesa Verde prevent social distancing and other health and safety precautions to mitigate the spread of COVID-19, and the plaintiffs in the Zepeda Rivas case allege the same facts at the same facility. (Id.) Accordingly, Respondents contend that the relief requested in the two cases is identical – consideration for release from Mesa Verde because of inadequate conditions to mitigate the spread of COVID-19. (Id.) Therefore, because the Northern District considered and rejected the same form of relief that Petitioner seeks in this habeas petition, the petition will be dismissed.

**ORDER**

For the foregoing reasons, Respondents' motion to dismiss (Doc. 17) is GRANTED and Petitioner's motion for a temporary restraining order (Doc. 3) is DENIED.

IT IS SO ORDERED.

Dated:   **July 20, 2020**                     **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE